UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACQUELINE A. BOATNER, | ) | NO. EDCV 05-0053 MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff filed a Complaint on January 20, 2005, seeking review of the denial by the Social Security Commissioner ("Commissioner") of an award of disability insurance benefits ("DIB").  On February 18, 2005, the parties filed a "Consent to Proceed Before a United States Magistrate Judge," pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint Stipulation on September 22, 2005, in which:  Plaintiff seeks an order reversing the Commissioner's decision and remanding for the calculation and awarding of benefits or, alternatively, for a new hearing; and Defendant requests an order affirming the Commissioner's decision.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed her application for DIB on September 30, 1999. (Administrative Record ("A.R.") 246-48.) Plaintiff claims to have been disabled since July 1, 1999, due to back problems. (A.R. 26, 265.) She has past relevant work experience as a supply technician, supply clerk, and utility clerk typist. (A.R. 256.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration. On January 9, 2001, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Stanley Hogg ("ALJ Hogg"). (A.R. 42-84.) A supplemental hearing took place on March 1, 2001, at which a vocational expert testified. (A.R. 85-99.) On June 8, 2001, ALJ Hogg denied Plaintiff's claim. (A.R. 177-84.) On February 1, 2002, the Appeals Council vacated ALJ Hogg's decision, because he failed to address portions of a treating physician's opinion and reconcile inconsistencies within that opinion. (A.R. 2, 217-18.) Plaintiff testified at a third hearing before ALJ Hogg on June 10, 2002. (A.R. 100-31.) ALJ Hogg denied Plaintiff's claim again on September 14, 2002. (A.R. 189-97.) On July 18, 2003, the Appeals Council issued another remand order stating that ALJ Hogg failed to properly: substantiate his finding that Plaintiff can perform light work; evaluate a treating source opinion; and support his adverse credibility finding. (A.R. 235-36.) The Appeals Council directed that, upon remand, the case to be assigned to a different administrative law judge. (A.R. 236.)

///

///

2

On October 27, 2003, Plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge David M. Ganly ("ALJ").   (A.R. 132-69.)   On November 14, 2003, the ALJ denied Plaintiff's claim for benefits (A.R. 26-34), and the Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision (A.R. 5-8).

### SUMMARY OF ADMINISTRATIVE DECISION

In his November 14, 2003 written decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset of disability on July 1, 1999.  (A.R. 27.)  The ALJ further found that Plaintiff is a "younger individual . . . [who] has more than a high school education and has transferable skills from semi-skilled work previously performed." (A.R. 32.)  The ALJ also found that Plaintiff's degenerative disc disease and spondylosis of the cervical spine, mild degree of degenerative disc disease of the lumbar spine with right hemiparetic spasms, and mild degenerative joint disease of both knees are "severe." (A.R. 27.)  However, the ALJ found that Plaintiff's "history of gallbladder disease with surgical removal in February 2003, hypertension, and obesity" are "not severe" (*id.*), and "[t]here is no basis for finding that [Plaintiff] has a 'severe' mental impairment" (A.R. 31).  The ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equivalent to an impairment listed in Appendix 1, Subpart P, Regulation No. 4.  (A.R. 27.)

The ALJ further found that Plaintiff's "allegations regarding her

3

limitations are not totally credible" (A.R. 34), and assessed her residual functional capacity ("RFC") as being able "to perform a limited range of light work" (A.R. 27). He more specifically assessed her RFC as follows:

> [Plaintiff] is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. Out of an 8-hour workday, [Plaintiff] is able to stand and walk for 2 hours, but she must be able to sit after 60 minutes of standing. [Plaintiff] is able to sit for 6 hours, but she must be able to stand for up to 5 minutes after 30 minutes of sitting. [Plaintiff] is precluded from climbing ladders, but she is able to occasionally bend, stoop, climb stairs, balance, and use pedals with the lower extremities. [Plaintiff] is able to frequently perform fingering, gripping, and grasping with her hands bilaterally. [Plaintiff] is able to frequently rotate or extend her neck, and she is able to occasionally reach above shoulder level.

(*Id.*) Using Medical-Vocational Guideline Rules 201.22, 201.29, and 202.22 as a framework and relying upon the vocational expert's testimony, the ALJ found that Plaintiff can perform a significant number of jobs in the national economy, such as a "receptionist," "information clerk," and "administrative clerk." (A.R. 33.) Accordingly, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (*Id.*)

///

///

4

1

**STANDARD OF REVIEW**

2

3      This Court reviews the Commissioner's decision to determine

4  whether it is free from legal error and supported by substantial

5  evidence.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).  The

6  Commissioner's decision must stand if it is supported by substantial

7  evidence and applies the appropriate legal standards.  Saelee v. Chater,

8  94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is "more than a

9  mere scintilla but less than a preponderance -- it is such relevant

10 evidence that a reasonable mind might accept as adequate to support the

11 conclusion."  Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

12

13     Although this Court cannot substitute its discretion for that of

14 the Commissioner, this Court nonetheless must review the record as a

15 whole, "weighing both the evidence that supports and the evidence that

16 detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y. of

17 Health and Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); *see also*

18 Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is

19 responsible for determining credibility, resolving conflicts in medical

20 testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d

21 1035, 1039-40 (9th Cir. 1995).  This Court must uphold the

22 Commissioner's decision if it is supported by substantial evidence and

23 free from legal error, even when the record reasonably supports more

24 than one rational interpretation of the evidence.  *Id*. at 1041; *see also*

25 Morgan v. Commiss'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

26 1999); Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995).

27 ///

28 ///

5

1

**DISCUSSION**

2

3      Plaintiff alleges one issue:  Plaintiff contends that the ALJ erred

4 in finding that she does not suffer from a legally severe mental

5 impairment.  (Joint Stip. at 3.)

6

7 **A.    The ALJ's Conclusion That Plaintiff's Alleged Mental**

8 **Impairment Is Not "Severe" Constitutes Error.**

9

10      "An impairment or combination of impairments can be found 'not

11 severe' only if the evidence establishes a slight abnormality that has

12 'no more than a minimal effect on [a claimant's] ability to work.'"

13 Smolen, 80 F.3d at 1290 (citing Social Security Ruling 85-28 and Yuckert

14 v. Bowen, 841 F.2d 303 (9th Cir. 1988)); 20 C.F.R. § 416.921 ("a[n]

15 impairment or combination of impairments is not severe if it does not

16 significantly limit your physical or mental ability to do basic work

17 activities."); *see also* Bustamante v. Massanari, 262 F.3d 949, 955-56

18 (9th Cir. 2001)(ALJ's finding that claimant's mental impairment was not

19 severe was not supported by substantial evidence, because every mental

20 health professional who examined claimant found significant mental

21 health problems).  The "severity" requirement is merely "a *de minimis*

22 screening device to dispose of groundless claims." Edlund v. Massanari,

23 253 F.3d 1152, 1158 (9th Cir. 2001) (citing Smolen, 80 F.3d at 1290).

24 "[A] claim may be denied at step two only if . . . a finding [that the

25 relevant impairments are not medically severe] is *clearly established by*

26 *medical evidence*." Social Security Ruling 85-28 (emphasis added).

27 ///

28 ///

6

The Appeals Council, in its July 18, 2003 remand order, vacated ALJ Hogg's September 14, 2002 decision in part because his decision:

[did] not contain an adequate evaluation of the treating and examining source opinions of Dr. Platt in Exhibits 11F and 14F.  The decision speculates that there is no basis for the mental limitations noted by this treating source.  However there is no indication that this source was contacted for an explanation regarding the limitations he assessed.

(A.R. 235.)  Upon remand, the Appeals Council ordered the ALJ to:  (1) "[o]btain additional evidence concerning [Plaintiff's] mental and/or physical impairments in order to complete the administrative record"; (2) further consider Plaintiff's RFC and in doing so "request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what [Plaintiff] can still do despite the impairments"; (3) "[f]urther evaluate [Plaintiff's] subjective complaints"; and (4) obtain testimony from a vocational expert.  (A.R. 235-36.)

At the hearing before him on October 27, 2003, the ALJ stated his disagreement with the Appeals Council's remand order:  "I'm going to disregard, quite honestly, what's in the remand order from the Appeals Council because . . . I'm not sure what the problem is that they have with the prior Decision."  (A.R. 135.)  He further stated, "I just feel that the Appeals [Council] -- whoever did the analysis on that case was -- got a little off base in a few places."  (A.R. 136.)
///

7

In finding that Plaintiff does not have a "severe" mental impairment, the ALJ stated:

> [T]he medical record shows no evidence of a psychiatric impairment, psychiatric hospitalizations, outpatient treatment, or counseling therapy treatment. I agree with the findings in the prior Administrative Law Judge decision dated September 14, 2002, that while [Plaintiff] may experience some mental symptoms as a result of her physical impairments, there is no indication that these symptoms are severe or that [Plaintiff] has required nor [sic] received psychiatric treatment or psychotropic medication. There is no basis for finding that [Plaintiff] has a "severe" mental impairment or for the imposition of any mental limitations that would more than minimally affect her ability to perform work activity on a daily basis.

(A.R. 31.)

Plaintiff contends that the ALJ improperly found that she does not have a "severe" mental impairment. (Joint Stip. at 6.) In addition, Plaintiff contends that the ALJ failed to provide "'clear and convincing' reasons supported by substantial evidence in the record" to reject the uncontroverted opinion of treating Drs. Neumann and Platt. (*Id.*) Plaintiff claims that the record evidences her mental impairment,

8

1  because it reflects her "repeated episodes of strange behavior"[1] and

2  physicians' notes "of depression and/or anxiety." (Joint Stip. at 5.)

3

4      The record does reflect physicians' notes regarding Plaintiff's

5  mental state. On April 16, 2002, Dr. Anderson noted that Plaintiff had

6  a "mildly anxious affect and her cognitive abilities and limited

7  communication methods [made] it difficult to not only elicit a reliable

8  history from her but to communicate with her." (A.R. 636.) On August

9  2, 2004, consultative neurosurgeon Dr. Assal noted in his review of

10 Plaintiff's systems that she "tires easy," and has a "lack of sex drive,

11 . . . sleeplessness, [and] depression." (A.R. 785.) Treating Drs.

12 Platt and Neumann, respectively on January 22, 2001, and January 8,

13 2004, checked the "yes" box on questionnaire that asked: "Do emotional

14 factors contribute to the severity of your patient's symptoms and

15 functional limitations?" (A.R. 474, 806), and both opined that Plaintiff

16 is capable of tolerating only low stress work (A.R. 475, 807). Dr.

17 Platt did not indicate what emotional factors affect Plaintiff, did not

18 explain his basis for finding she is capable of only low stress work,

19 and did not check the line on the questionnaire which indicates that

20 psychological limitations affect Plaintiff's ability to work. (*See* A.R.

21 474-76.) However, Dr. Neumann stated "'chronic anxiety' and 'low-grade

22 depression from chronic pain'" affect Plaintiff, and her chronic pain

23 decreases her "tolerance of physical or emotional/social stress." (A.R.

24 806-07.)

25 ───────────

26      [1]   Plaintiff's "strange behavior" includes:   leaving the
   hospital's emergency room "against medical advice" on five out of
   fifteen visits; "insist[ing] that the 'cortisone' used in epidural
27 injections . . . makes her 'system shut down'"; and reporting that
   Demerol "cuts off [her] breathing, . . . like [she's] dead." (Joint
28 Stip. at 4-5.)

1    Based on Dr. Platt's and Dr. Neumann's opinions that emotional
2  factors contribute to the severity of Plaintiff's symptoms and
3  functional limitations and that Plaintiff is only capable of performing
4  in a "low stress" work environment, Plaintiff's alleged mental
5  impairment may have "more than a minimal" effect on her ability to work.
6  Smolen, *supra*, 80 F.3d at 1290; Social Security Ruling 85-28.   Thus,
7  Plaintiff's alleged mental impairment may be "severe" under the Social
8  Security Regulations.

9

10    The ALJ discussed Dr. Platt's and Dr. Neumann's examinations and
11  assessments at length; however, he failed to address their findings
12  regarding Plaintiff's mental limitations.   (*See* A.R. 30-31.)   The
13  Appeals Council vacated ALJ Hogg's September 14, 2002 decision based on
14  ALJ Hogg's improper evaluation of Dr. Platt's assessment of Plaintiff's
15  mental limitations, and ordered the ALJ, upon remand, to obtain
16  additional evidence or further clarification from examining sources
17  regarding Plaintiff's impairments. (A.R. 235-36.)   The record does not
18  indicate that the ALJ contacted Dr. Platt for additional evidence or
19  clarification of Plaintiff's mental limitations.   Thus, the ALJ's
20  failure to contact Dr. Platt regarding Plaintiff's mental limitations
21  constitutes error.   *See* 20 C.F.R. § 404.977(b) ("The [ALJ] shall take
22  any action that is ordered by the Appeals Council and may take any
23  additional action that is not inconsistent with the Appeals Council's
24  remand order.").

25

26    Furthermore, the ALJ erred in failing to provide clear and
27  convincing reasons for rejecting Dr. Platt's and Dr. Neumann's
28  uncontradicted findings that Plaintiff is affected by mental limitations

and is only capable of performing in a "low stress" work environment. *See* <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995)(clear and convincing reasons are required for rejecting the uncontradicted opinion of an examining physician).  *See also* <u>Edlund</u>, 253 F.3d at 1158 (ALJ erred by finding that claimant has no "severe" mental impairment based on his improper rejection of the uncontradicted opinion of examining psychologist who expressed doubts of the reliability of the claimant's test scores but nonetheless found that the claimant had several mental "fair" limitations functioning in the workplace).

For all the foregoing reasons, the Court concludes that the ALJ's finding that Plaintiff's claimed mental impairment is not "severe," upon the grounds stated, was reversible error.

**B.   <u>Remand Is Required.</u>**

Here, remand is appropriate to allow the ALJ the opportunity to correct the above errors. *See* <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

On remand of this case, the ALJ must reconsider his finding regarding Plaintiff's mental impairment at Step Two and, after contacting Plaintiff's physicians to obtain additional evidence and/or clarification, incorporate Dr. Platt's and Dr. Neumann's opinions regarding Plaintiff's limitations that would impact her ability to function in the workplace into Plaintiff's RFC or, alternatively, provide clear and convincing reasons for rejecting them.  <u>Lester</u>, 81 F.3d at 830.

11

**CONCLUSION**

Accordingly, for the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 20, 2006

                                        /s/
                              MARGARET A. NAGLE
                        UNITED STATES MAGISTRATE JUDGE

12